No. 99-31161
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31161
Conference Calendar

_____

KUMARALINGAM NAGALINGAM,

                                        Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE;
MARTHA JORDAN,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-763
- - - - - - - - - -
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Kumaralingam Nagalingam appeals from the district court's
dismissal of his habeas corpus petition, filed pursuant to 28
U.S.C. § 2241, for lack of subject-matter jurisdiction.  The
permanent provisions of the Illegal Immigration Reform and
Immigrant Responsibility Act ("IIRIRA") apply to the instant case
because the deportation proceedings against Nagalingam commenced
after April 1, 1997.  See Max-George v. Reno, No. 98-21090, 2000
WL 220502, at *2 n.3 (5th Cir. Feb. 24, 2000).

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Nagalingam was found deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) based on his conviction for 26 counts of mail fraud. This court held in Max-George that "IIRIRA's permanent provisions eliminate § 2241 habeas corpus jurisdiction for those cases that fall within [8 U.S.C.] § 1252(a)(2)(C)." 2000 WL 220502, at *4. Because Nagalingam's order of removal falls within the requirements set forth in § 1252(a)(2)(C), the district court lacked subject-matter jurisdiction to consider the instant § 2241 petition.

Accordingly, the district court's judgment of dismissal is AFFIRMED. Nagalingam's motion to expedite appeal is DENIED.